137 N.J. Super. 436 (1975)
349 A.2d 139
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT SINGLETON, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided November 5, 1975.
*437 Mr. W. Joseph Weiner, Assistant Prosecutor, for the State (Mr. James T. O'Halloran, Prosecutor of Hudson County, attorney).
Ms. Judith A. Rosenstein, Assistant Deputy Public Defender, for defendant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Keith Onsdorff, Deputy Attorney General, for the New Jersey State Parole Board (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
WALSH, J.S.C.
This motion to quash a third-party subpoena duces tecum presents, for the first time in this State, the question of whether the confidentiality of parole records, provided for under N.J.S.A. 30:4-123.31 and N.J.A.C. 10:70-12.1 et seq., constitutes a privilege from disclosure which excuses the Parole Board from producing the transcript of a parole revocation hearing at the criminal trial of the same defendant, when the prosecution has issued a subpoena for those records.
The answer, as will be shown, must be that it does not.
Defendant in this case, Robert Singleton, while on parole, was arrested and subsequently indicted for murder. On May 15, 1975 defendant, his attorney and a witness on his behalf appeared and gave testimony at defendant's parole revocation hearing.
The assistant prosecutor, in the course of his trial preparation, sent a subpoena duces tecum to both the chairman and the executive director of the New Jersey State Parole Board, directing each of them to produce the transcripts or records *438 of that May 15 hearing. Subsequently, for the sake of convenience, the assistant prosecutor stated that any duly authorized representative of the Board could produce the transcript.
The Parole Board now moves to quash the subpoena, and in its brief relies on Evid. R. 34, N.J.S.A. 30:4-123.31 and N.J.A.C. 10:70-12.2, 12.3, all of which are here set forth in their pertinent parts:
Evid. R. 34 (N.J.S.A. 2A:84A-27) provides:

OFFICIAL INFORMATION
No person shall disclose official information of this State or of the United States (a) if disclosure is forbidden by or pursuant to any Act of Congress or of this State, or (b) if the Judge finds that disclosure of the information in the action will be harmful to the interest of the public.
N.J.S.A. 30:4-123.31 provides:
The board shall keep or cause to be kept and maintained full and complete records of every prisoner released on parole. Such records shall contain, among other things, the complete fingerprint and criminal record of each prisoner, together with his photograph and all other information and reports referred to herein, as well as the reports of the parole officers and the Division of Parole with relation to such prisoner. Such records shall be filed in the central office of the Department of Institutions and Agencies and shall be organized in accordance with accepted and modern methods of filing and indexing so that complete information on each prisoner on parole will be immediately available. The board may make such reasonable rules as are necessary to protect the privacy of such records and to prevent their use by persons other than the members of the board and its staff. (emphasis added).
Pursuant to this statute N.J.A.C. 10:70-12.2, 12.3 were enacted, which provide:
N.J.A.C. 10:70-12.2 Privacy of records
(a) All official files, documents and records in the offices of the State Parole Board, in the custody of any official or member of the Board or kept or caused to be maintained by an official for the *439 Board, pertaining to either matters of executive clemency or parole (including supervision) are confidential.

* * *
(c) Unless authorized by the Board, no record, document, paper, exhibit or other official instrument in writing, pertaining to parole which by this section has been declared confidential shall be withdrawn from the file or furnished to or inspected by any person or entity other than a duly authorized representative of the State Parole Board, the Commissioner of the Department of Institutions and Agencies or an employee of the Division of Correction and Parole.

N.J.A.C. 10:70-12.3 Release of information

* * *
(b) As to parole matters, the Chairman of the Board is vested with the responsibility of releasing information.
This case is both novel and anomalous: novel because of the issues presented; anomalous because the State is, in effect, moving to quash its own subpoena. Cf. State v. Lewis, 137 N.J. Super. 167 (Law Div. 1975).[1]
The Parole Board, through the Attorney General, cites Evid. R. 34 and the comments thereto, as providing the exclusionary rule applicable in this controversy. However, the comments go on to say that "the precise definition of `official information'" is "still open to question." While hesitant to give a definition of "official information," it seems certain to this court that such a definition could not encompass a transcript of a prisoner's parole revocation hearing.
Further, not only must the evidence encompass "official information," it must also satisfy one of the two alternative conditions set forth in the rule before the privilege may be successfully claimed. Suffice it to say that this judge does not find the disclosure of the transcript in this action to be "harmful to the interest of the public"; rather, it could be helpful to the public.
*440 As to the other condition mentioned in the rule, there is no act of Congress forbidding disclosure, and N.J.S.A. 30:4-123.31, relied on by the Attorney General, does not by its terms forbid disclosure. Rather, that statute merely authorizes the Board to make such reasonable rules as are necessary to protect the privacy of the records. It is hardly reasonable for the Board to adopt a blanket policy of nondisclosure. Further, it is not a Board decision as to what evidence shall be available in a judicial proceeding. "The availability of evidence including the validity and scope of privileges, is a judicial decision." In re Subpoena to Nixon, 360 F. Supp. 1, 5 (D.D.C. 1973).
The United States Supreme Court, in dealing with the question of privilege, said: "Whatever their origins, these exceptions to the demand of every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." United States v. Nixon, 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039, 1065 (1974). The court continued on to say that
The right to the production of all evidence at a criminal trial similarly has constitutional dimensions. The Sixth Amendment explicitly confers upon every defendant in a criminal trial the right "to be confronted with the witnesses against him" and "to have compulsory process for obtaining witnesses in his favor." Moreover, the Fifth Amendment also guarantees that no person shall be deprived of liberty without due process of law. It is the manifest duty of the courts to vindicate those guarantees and to accomplish that it is essential that all relevant and admissible evidence be produced. [418 U.S. at 711, 94 S.Ct. at 3109, 41 L.Ed.2d at 1066]
The court went on to announce a balancing test which seems here particularly apropos: the importance of the general privilege of confidentiality weighed against the inroads of such a privilege on the fair administration of criminal justice. Id.
In our case the Parole Board's need for confidentiality of parole revocation transcripts is general in nature, whereas "the constitutional need for production of relevant evidence *441 in a criminal proceeding is specific and central to the fair adjudication of a particular criminal case in the administration of justice. Without access to specific facts a criminal prosecution may be totally frustrated." Id.
We conclude, as did the court in Nixon, that
* * * when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice. The generalized assertion of privilege must yield to the demonstrated, specific need for evidence in a pending criminal trial. [418 U.S. at 713, 94 S.Ct. at 3110, 41 L.Ed.2d at 1067.]
In light of the foregoing, the regulations of the Parole Board concerning the confidentiality of the records hardly seem to be the reasonable regulations which the statute requires. The claim of privilege is also unreasonable. Accordingly, the motion to quash is denied and the Parole Board is ordered to produce the transcript of the May 15 parole revocation hearing of this defendant.
State to submit proper order.
NOTES
[1] While that case dealt with the negligence of a state agency, the loss of evidence by the court in a civil action, and the resulting prejudice to the defense in the ensuing criminal case, the words of Judge Triarsi are highly pertinent: "In a criminal proceeding the State of New Jersey is the prosecutorial party; it cannot atomize itself into hundreds of totally independent agencies."